**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Naseef Fernando Bryan

v. Civil No. 26-cv-709-SE-AJ

Erin Creegan

## REPORT AND RECOMMENDATION

Self-represented Plaintiff Naseef Fernando Bryan filed a Complaint (Doc. No. 1) against Erin Creegan, the United States Attorney for the District of New Hampshire. The Complaint is before the court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2). Also before the court is Mr. Bryan's Application to Proceed in District Court Without Paying Fees or Costs (Doc. No. 2). For the reasons that follow, the court recommends that the district judge dismiss the Complaint in its entirety and deny the motion to waive fees and costs.

### Preliminary Review Standard

Federal courts are required to dismiss an action if the court determines that the action fails to state a claim, is frivolous, or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B); LR 4.3(d)(2). To determine if a complaint states a claim upon which relief can be granted, the court takes as true the facts asserted in the complaint, and inferences reasonably drawn from those facts, strips away the legal conclusions, and considers whether the complaint states a claim that is plausible on its face. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In conducting preliminary review under 28 U.S.C.

§ 1915(e)(2) and LR 4.3(d)(2), the court construes pro se pleadings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Background

Mr. Bryan asserts in his Complaint that United States Attorney Creegan engaged in official oppression, and failed to comply with her legal duties, by failing to file an appearance in another lawsuit Mr. Bryan filed. Mr. Bryan did not identify the particular lawsuit to which he refers in this matter, but states that an unnamed magistrate judge issued a report in that case which constituted an attempt to deprive Mr. Bryan of his right to due process and his "right to be heard." Doc. No. 1, at 4. Mr. Bryan states that U.S. Attorney Creegan was served with process in that matter but did not file an appearance. Mr. Bryan concludes that U.S. Attorney Creegan's failure to appear in that case violated Mr. Bryan's right to due process and that Attorney Creegan conspired to support the magistrate judge's alleged violation of Mr. Bryan's rights.[1]

## Discussion

The instant action is the twenty-second lawsuit Mr. Bryan has either filed in this court, or that was removed to this court after he initially filed the suit in state court, since July 5, 2023. In eleven of those twenty-two lawsuits, including this case, Mr. Bryan sued at least one federal official. This is the first lawsuit he has filed here naming U.S. Attorney Creegan as a defendant.

[1] Mr. Bryan also asserts that an individual at the front desk at the United States Attorney's Office refused to provide him with copies of paperwork which would demonstrate that Attorney Creegan received actual notice of the action to which he refers in his Complaint. For purposes of preliminary review, the court credits Mr. Bryan's assertion that Attorney Creegan had actual notice of that lawsuit.

In three of the ten resolved cases Mr. Bryan brought against federal officials, the court conducted a preliminary review of the complaint, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2), and dismissed the complaint in its entirety prior to directing service upon the defendants. See Bryan v. Hamilton, Case No. 24-cv-162-JL-AJ, 2024 WL 3034624, at *2 (D.N.H. June 10, 2014), R&R approved, 2024 WL 3028407 (D.N.H. June 24, 2024); Bryan v. Dubrovsky, Case No. 26-cv-014-LM-TSM, 2026 WL 689810 (D.N.H. Feb. 4, 2026), R&R approved, 2026 WL 688136 (Mar. 10, 2026); Bryan v. Steiner, Case No. 26-cv-348-SE, 2026 WL 2592827 (D.N.H. Sept. 2, 2026).

In the other seven cases Mr. Bryan brought against one or more federal officials, the United States Attorney appeared in the case, through an Assistant United States Attorney ("AUSA"). See Bryan v. Monfet, Case No. 23-cv-341-LM-AJ (D.N.H.) (AUSA Anna Dronzek appearing for Defendant on behalf of U.S. Attorney Jane Young); Bryan v. U.S. Citizenship & Immig. Servs., Case No. 24-cv-309-SE-TSM) (AUSA Anna Dronzek appearing for Removal Defendant on behalf of U.S. Attorney Jane Young and Acting U.S. Attorney John McCormack); Bryan v. Johnstone, Case No. 25-cv-136-JL (D.N.H.) (AUSA Kasey A. Weiland appearing for Removal Defendants on behalf of Acting U.S. Attorney John McCormack); Bryan v. McCormack, Case No. 25-cv-182-LM-AJ (D.N.H.) (AUSA Anna Dronzek appearing for Removal Defendants on behalf of Acting U.S. Attorney John McCormack); Bryan v. Anderson, Case No. 26-cv-052-LM-TSM (D.N.H.) (AUSA Samuel Martin appearing for Federal Removal Defendant on behalf of U.S. Attorney Erin Creegan); Bryan v. Uhrin, Case No. 26-cv-522-SE (D.N.H.) (AUSA Samuel Martin appearing for Removal Defendants on behalf of U.S. Attorney Erin Creegan); Bryan v. Steiner, Case No. 26-cv-580-JL (D.N.H.) (AUSA Samuel Martin appearing for Removal Defendant on behalf of U.S. Attorney Erin Creegan).

Mr. Bryan brought two appeals in the First Circuit of cases against federal defendants which this court dismissed. The United States Attorney appeared in both of those cases through AUSAs. See Bryan v. Monfet, No. 24-1457 (1st Cir.) (AUSA Anna Dronzek and AUSA David Lieberman appearing for Federal Appellee on behalf of U.S. Attorney); Bryan v. Dronzek, No. 26-1777 (1st Cir.) (AUSA Raphael Katz, AUSA Kiersten Jennifer Korcynski, and AUSA Samuel Martin appearing for Federal Appellees on behalf of U.S. Attorney Erin Creegan). Additionally, Mr. Bryan brought an original proceeding in the First Circuit against a Federal Respondent in which the United States Attorney appeared through AUSAs. See In Re: Bryan, No. 25-1473 (1st Cir.) (AUSA Anna Dronzek and AUSA David Lieberman appearing for Federal Respondent on behalf of U.S. Attorney).

To the extent Mr. Bryan grounds his claims on the fact that U.S. Attorney Creegan was served with one of the three cases dismissed after the court's § 1915(e) review, and failed to appear in that case, his allegations do not give rise to a cause of action, as, in those cases, no defendant, and no one from the United States Attorney's office, was required to appear in the case, because the cases were dismissed before any such obligation arose. To the extent Mr. Bryan is complaining that, in the cases listed above in which an AUSA appeared, that U.S. Attorney Creegan appeared through an AUSA, rather than personally, that allegation does not give rise to any claim upon which relief might be granted.

Even applying the liberal standard afforded pro se complaints, Mr. Bryan's bare bones and conclusory allegations do not satisfy the requirements of Federal Rule of Civil Procedure 8 or state any claim upon which relief can be granted. See Fed. R. Civ.

P. 8 (providing that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."); Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'")). Accordingly, the court finds that Mr. Bryan fails to state any claim upon which relief might be granted in this case and recommends that the district judge dismiss this case on that basis.

## Conclusion

For the foregoing reasons, the district judge should dismiss the Complaint (Doc. No. 1) in its entirety and deny Mr. Bryan's Application to Proceed in District Court Without Paying Fees or Costs (Doc. No. 2). If the district judge approves this recommendation, the Clerk's Office should enter judgment and close the case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The objection period may be extended upon motion. Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

Andrea K. Johnstone
United States Magistrate Judge

September 17, 2026

cc: Naseef Fernando Bryan, pro se